IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAKE SIMMONS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **06-276-JPG** |
| ) | |
| **ROSALINA GONZALES, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Gonzales' motion to compel plaintiff to execute a written release of plaintiff's Illinois Department of Corrections medical records and prison master file. **(Doc. 32).**

Plaintiff has clearly put his medical condition at issue, therefore Dr. Gonzales is clearly entitled to discover plaintiff's medical records for purposes of this litigation. The Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act provide for disclosure of otherwise protected medical records in this situation.

With respect to plaintiff's prison master file, the Court is certain that some of the information in the file will ultimately prove to be irrelevant, but sorting the wheat from the chaff in such files is very difficult. Therefore, access to the entire master file will be permitted. Admissibility issues will be handled in due course.

**IT IS THEREFORE ORDERED** that the subject motion to compel **(Doc. 32)** is **GRANTED**; in that

**IT IS FURTHER ORDERED** that the Illinois Department of Corrections shall permit defendant Rosalina Gonzales to obtain copies of plaintiff Jake Simmons' medical records and prison master file.

**IT IS FURTHER ORDERED** that, consistent with the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act:

(a) All protected health information disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b) Protective health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

(c) Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

(1) the parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third-party administrators for any of the parties involved in litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

(2) The parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

**IT IS SO ORDERED.**

**DATED: August 2, 2007**

3

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**